# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONDALEE MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ROSS MEIER, et al.,<br><br>    Defendants. | No. 2:18-CV-1314-KJM-DMC<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1), Plaintiff's request for settlement conference (ECF No. 8), and Plaintiff's motion for the court to provide findings and recommendations (ECF No. 9). Plaintiff alleges Defendants violated his due process rights by removing funds from his prisoner trust account to pay off a restitution. For the reasons set for below this Court recommends the complaint be dismissed without leave to amend, Plaintiff's request for settlement conference be denied as unnecessary, and Plaintiff's motion for the court to provide findings and recommendations be denied as moot.

///
///
///

1

## I. SCREENING REQUIREMENT AND STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

///
///
///
///

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff has named five Defendants: (1) Ross Meier (2) T. Domingues, (3) David Baughman, (4) I. S. Manger, and (5) Kathleen Allison. Plaintiff begins his complaint by asserting that he appointed the Director of Corrections, Kathleen Allison, as "his true and lawful attorney in fact" with the power to engage in a variety of acts related to Plaintiff's inmate trust account. Plaintiff then alleges Defendants Ross Meier, T. Domingues, David Baughman, and I. S. Manger willingly entered into a "trust relationship" with Plaintiff as trustees of Plaintiff's trust account. Plaintiff then alleges the Defendants breached their contractual obligations, presumably their obligations as trustees and the agency relationship created by the power of attorney, by withdrawing funds to pay restitution. Additionally, Plaintiff alleges Defendants violated various provisions of the California Code of Regulations ("CCR") by withdrawing these funds and further by collecting on both restitution orders instead of collecting first on the direct order of restitution and then on the restitution from sentencing. Plaintiff also takes issue with the percentage of funds taken out to pay the restitution. Plaintiff contends these acts amount to "embezzlement," "fraud," "grand theft," and "petty left." Plaintiff asserts all of this under the umbrella of a due process violation.

## III. ANALYSIS

A plaintiff cannot state a cognizable claim for relief under the Fourteenth Amendment based on restitution deductions from her inmate trust account. See Thompson v. Swarthout, No. CIV S-11-0780 GEB DAD P, 2012 WL 1682029, at *3 (E.D. Cal. May 14, 2012); see also Craft v. Ahuja, No. 10-56933, 2012 WL 688411 at *1 (9th Cir. Feb. 29, 2012) (district court properly dismissed substantive and procedural due process claims based on restitution deductions from an inmate trust account); Abney v. Alameida, 334 F.Supp.2d 1221, 1231-32 (S.D. Cal. 2004) (allegations regarding deductions from prisoner's trust account to satisfy restitution order whether authorized or unauthorized by state law fail to state a claim for violation of substantive and procedural due process rights). Even if the deduction was not authorized, the Supreme Court has held that "an unauthorized intentional deprivation of property

3

1 | by a state employee does not constitute a violation of the Due Process Clause of the Fourteenth
2 | Amendment if a meaningful post-deprivation remedy for the loss is available" Hudson v. Palmer,
3 | 486 U.S. 517, 533 (1984); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994)
4 | ("[N]egligent or intentional deprivation of a prisoner's property fails to state a claim under section
5 | 1983 if the state has an adequate post deprivation remedy"). The Ninth Circuit has specifically
6 | held that the California Tort Claims Act, Cal. Gov't Code § 810 et seq., provides an adequate
7 | postdeprivation remedy for loss of property. See Barnett, 31 F.3d at 816–17.

Here, Plaintiff asserts only claims related to restitution payment withdrawals from his prison trust account allegedly in violation of various California Code of Regulations. These claims cannot state a cognizable claim for relief under the Fourteenth Amendment's due process clause because California provides an adequate post-deprivation remedy for such property deprivations. For this reason, Plaintiff's complaint cannot proceed past screening because Plaintiff has failed to assert a cognizable claim for relief. Further, because all of Plaintiff's claim are tied to alleged improper and unauthorized deductions from his trust account, it would not be possible for Plaintiff to cure these deficiencies through amendment. Rather, Plaintiff should look to the state courts for relief related to this alleged property deprivation. Thus, because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

///
///
///
///
///
///
///
///
///

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends:

1. Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim upon which relief can be granted;

2. Plaintiff's request for settlement conference (ECF No. 8) be denied as unnecessary; and

3. Plaintiff's motion for the court to provide findings and recommendations (ECF No. 9) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 8, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE